33 41673

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

09 JAN -7 PM 3: 48

STE?... ... ...E A... CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
... ... ...

DWYER INSTRUMENTS, INC.,                    )
                                             )
                         Plaintiff,          )
                                             )
            v.                               )
                                             )
SENSOCON, INC. and                           )         3 : 09CV    10  1
TONY E. KOHL,                                )
                                             )
                         Defendants.         )         JURY TRIAL DEMANDED

**COMPLAINT**

The Plaintiff, Dwyer Instruments, Inc., for its Complaint, herein alleges:

**NATURE OF ACTION**

1.      This is an action for, *inter alia*, trademark infringement, trade dress infringement,

unfair competition, false designation of origin and copyright infringement to recover damages,

injunctive relief, and costs, including reasonable attorneys' fees, from Defendants for the injuries

Dwyer has suffered and will continue to suffer as a consequence of Defendants' actions.

**PARTIES**

2.      Dwyer Instruments, Inc. (hereafter "DWYER") is an Indiana corporation having its

principal place of business at 102 Indiana Highway 212, Michigan City, Indiana 46360.

3.      Sensocon, Inc. (hereafter "SENSOCON"), on information and belief, is a Florida

corporation having an office and principal place of business at 2129 S. Combree Road, Lakeland,

Florida 33801.

4.      Tony E. Kohl (hereafter "KOHL"), on information and belief, is an individual

residing in Florida at 5466 Pebble Beach Drive, Lakeland, Florida 33812.

5.    On information and belief, KOHL is the owner and operator of SENSOCON.

6.    On information and belief, KOHL and SENSOCON have a unity of interest and KOHL has complete effective ownership and control of SENSOCON.  On information and belief, KOHL controls SENSOCON and its actions are taken for KOHL's personal benefit.

7.    SENSOCON is the alter ego of KOHL.

## JURISDICTION AND VENUE

8.    This action arises and is brought under the trademark laws of the United States, 15 U.S.C. §1 *et seq.* This action also arises under the copyright laws of the United States, 17 U.S.C. § 501 *et seq.* This action also arises and is brought under Indiana law.

9.    This Court has jurisdiction by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§1331, 1338 and 1367.

10.    The Court also has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. §1367 in that the state and common law claims form part of the same controversy as the claims arising under the trademark and copyright laws of the United States.

11.    The Court also has original jurisdiction over the common law unfair competition claims pursuant to 28 U.S.C. §1338(b) in that the claims are joined with substantial and related claims arising under the trademark laws of the United States.

12.    Venue is appropriate in this district in accordance with 28 U.S.C. §1391 and § 1400(a).

13.    On information and belief, SENSOCON, through the direction of KOHL, is and has been conducting continuous and systematic business by selling infringing pressure gauges and related materials and equipment within the State of Indiana and within the Northern District of Indiana.

2

14.     SENSOCON, by direction of KOHL, is transacting business and has committed illegal acts hereinafter complained of in the Northern District of Indiana.

## BACKGROUND STATEMENT

15.     DWYER has for many years manufactured and sold a variety of industrial pressure gauges, and pressure gauge accessories and related equipment.  DWYER's pressure gauges, pressure gauge accessories, and related equipment are distributed and sold within this District and throughout the United States and the world under various trademarks of DWYER.

16.     DWYER and SENSOCON are direct competitors for the same customers in connection with pressure gauges, pressure gauge accessories, and related equipment.

17.     KOHL was previously employed by DWYER as a District Sales Manager with responsibilities for making sales of DWYER's pressure gauges, pressure gauge accessories, and related equipment.  KOHL left DWYER on or about July 20, 2005.  KOHL incorporated SENSOCON.  KOHL is now the president and owner of SENSOCON.

18.     As District Sales Manager of DWYER, KOHL represented DWYER in the sale of DWYER products, including pressure gauges, pressure gauge accessories, and related equipment, and KOHL was therefore intimately familiar with the trademarks DWYER used in connection with DWYER products.

19.     After KOHL incorporated SENSOCON and KOHL had left DWYER, DWYER learned of SENSOCON's sale of competing pressure gauges, pressure gauge accessories, and related equipment.

20.     KOHL and SENSOCON have been and are currently distributing and selling products, including pressure gauges, pressure gauge accessories, and related equipment, that directly compete with the pressure gauge products of DWYER.

3

21.    SENSOCON sells its pressure gauge products in the same channels of trade that DWYER sells its pressure gauge products in direct competition with DWYER.

22.    In addition to KOHL's knowledge of the valuable DWYER marks, KOHL and SENSOCON have been on notice of DWYER's rights and their infringement upon DWYER's rights since at least January 2007.

23.    SENSOCON and KOHL are using trademarks in connection with pressure gauge products sold by SENSOCON that include a lettering scheme identical to, or that is as close as possible and confusingly similar to, the trademarks used by DWYER in connection with the sale of DWYER pressure gauges.  See Ex. A.

24.    SENSOCON and KOHL are using trademarks in connection with pressure gauge products sold by SENSOCON that include a lens face identical to, or that is as close as possible and confusingly similar to, the trademarks used by DWYER in connection with the sale of DWYER pressure gauges.  See Ex. A.

25.    SENSOCON and KOHL are using trademarks in connection with SENSOCON's sale of pressure gauge products that use names identical or confusingly similar to registered trademarks of DWYER for pressure gauge products.

26.    SENSOCON and KOHL are using trade dress in connection with pressure gauge products sold by SENSOCON that include a trade dress scheme identical to, or that is as close as possible and confusingly similar to, the trade dress used by DWYER in connection with the sale of DWYER pressure gauges.  See Ex. A.

27.    SENSOCON and KOHL are using printed materials in connection with pressure gauge products sold by SENSOCON that include copyrighted matter of DWYER used by DWYER in connection with the sale of DWYER pressure gauges.  See Ex. B.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)
## (U.S. TRADEMARK REGISTRATION NO. 3,397,050)

28.     DWYER repeats and realleges the allegations contained in paragraphs 1 through 27 of this Complaint.

29.     DWYER is the owner of United States Trademark Registration No. 3,397,050, issued by the United States Patent and Trademark Office on the Principal Register on March 18, 2008, for "A PLURALITY OF HORIZONTAL LINES AND A RAISED RECTANGULAR PORTION ON THE LENS OF A PRESSURE GAUGE" (the "Registered Lens Mark"). A copy of this registration is attached hereto as Exhibit C.

30.     Trademark Registration No. 3,397,050 remains in full force and effect.

31.     DWYER has developed and is using the Registered Lens Mark to designate the source of DWYER's pressure gauges, and other goods and services related thereto. DWYER's use of the Registered Lens Mark has been substantial and continuous for many years.

32.     As a result of substantial sales and advertising by DWYER of the DWYER pressure gauges, the Registered Lens Mark has become favorably known to the public and the trade, and the trademark identifies and distinguishes the source of origin of the DWYER gauges. DWYER's Registered Mark represents a valuable and irreplaceable asset of DWYER.

33.     SENSOCON and KOHL use a confusingly similar pressure gauge lens in connection with SENSOCON pressure gauges. SENSOCON uses a plurality of horizontal lines and a raised rectangular portion on the lens of a pressure gauge in connection with the sale of SENSOCON gauges as shown in at least SENSOCON's data sheets for its "Series S2000" and "Series P2000" pressure gauges, attached hereto as Exhibit A, that do not originate from DWYER.

34.    The SENSOCON "Series S2000" and "Series P2000" pressure gauges include lenses incorporating the Registered Lens Mark and are confusingly similar, if not identical, to the Registered Lens Mark of DWYER as generally shown by the comparison below:

| INFRINGING SENSOCON GAUGES | DWYER'S REGISTERED MARK |
|---|---|
|  | TRADEMARK PRINCIPAL REGISTER  |

35.    SENSOCON, and KOHL as its owner, president, director and alter ego, have willfully and deliberately infringed and sought to appropriate to themselves the goodwill associated with the Registered Lens Mark of DWYER by advertising, offering for sale, and selling in interstate commerce pressure gauge products using a plurality of horizontal lines and a raised rectangular portion on the lens of the pressure gauge that compete with DWYER pressure gauge products.

36.    SENSOCON uses the Registered Lens Mark of DWYER in the sale and advertising of pressure gauges as shown in Exhibit A. SENSOCON does not identify DWYER as the owner of the Registered Lens Mark, thereby causing a likelihood of confusion as to the source of the pressure gauges sold by SENSOCON.

37.    SENSOCON has willfully and deliberately infringed and sought to appropriate unto itself the Registered Lens Mark of DWYER by advertising, offering for sale and selling in

6

interstate commerce pressure gauge products including the Registered Lens Mark and/or confusingly similar marks.

38.     The aforesaid acts and conduct of SENSOCON are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of SENSOCON's pressure gauge products.

39.     SENSOCON is trading on DWYER's goodwill and reputation for furthering SENSOCON's business.

40.     By reason of the aforesaid acts of infringement by SENSOCON, DWYER has been irreparably damaged and unless SENSOCON is enjoined, said acts of SENSOCON will continue and will impair the value of DWYER's Registered Lens Mark and the goodwill associated therewith, and will threaten the viability of the trademark.  Wherefore, DWYER has no adequate remedy at law.

### COUNT II

### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114) (U.S. TRADEMARK REGISTRATION NO. 694,229)

41.     DWYER repeats and realleges the allegations contained in paragraphs 1 through 40 of this Complaint.

42.     DWYER is the owner of United States Trademark Registration No. 694,229, issued by the United States Patent and Trademark Office on the Principal Register on March 8, 1960, for "MAGNEHELIC" for pressure gages (the "MAGNEHELIC Mark").  A copy of this registration is attached hereto as Exhibit D.

43.     Trademark Registration No. 694,229 remains in full force and effect and is incontestable.

44.     DWYER has developed and is using the MAGNEHELIC Mark to designate the source of DWYER's pressure gauges, and other goods and services related thereto. DWYER's use of the MAGNEHELIC Mark has been substantial and continuous for many years.

45.     As a result of substantial sales and advertising by DWYER of the DWYER pressure gauges, the MAGNEHELIC Mark has become favorably known to the public and the trade, and the trademark identifies and distinguishes the source of origin of the DWYER gauges.

46.     DWYER's MAGNEHELIC Mark represents a valuable and irreplaceable asset of DWYER.

47.     SENSOCON and KOHL use or have used the identical mark or a confusingly similar mark in connection with the sale of SENSOCON pressure gauges. SENSOCON has used such mark in connection with the sale of SENSOCON gauges as shown in at least SENSOCON's marketing materials for its "Series S2000" pressure gauges, attached hereto as Exhibit E, that do not originate from DWYER.

48.     SENSOCON, and KOHL as its owner, president, director and alter ego, have willfully and deliberately infringed and sought to appropriate to themselves the goodwill associated with the MAGNEHELIC Mark of DWYER by advertising, offering for sale, and selling in interstate commerce pressure gauge products using the MAGNEHELIC Mark of DWYER in the sale and advertising of pressure gauges as shown in Exhibit E.

49.     SENSOCON has willfully and deliberately infringed and sought to appropriate unto itself the MAGNEHELIC Mark of DWYER by advertising, offering for sale and selling in interstate commerce pressure gauge products through the use of the MAGNEHELIC Mark and/or confusingly similar marks.

50.     The aforesaid acts and conduct of SENSOCON are likely to cause confusion,

8

mistake and deception as to the source, origin or sponsorship of SENSOCON's pressure gauge products. SENSOCON is trading on DWYER's goodwill and reputation for furthering SENSOCON's business.

51. By reason of the aforesaid acts of infringement by SENSOCON, DWYER has been irreparably damaged and unless SENSOCON is enjoined, said acts of SENSOCON will continue and will impair the value of DWYER's MAGNEHELIC Mark and the goodwill associated therewith, and will threaten the viability of the trademark. Wherefore, DWYER has no adequate remedy at law.

### COUNT III

### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)
### (U.S. Trademark Registration No. 946,287)

52. DWYER repeats and realleges the allegations contained in paragraphs 1 through 51 of this Complaint.

53. DWYER is the owner of United States Trademark Registration No. 946,287, issued by the United States Patent and Trademark Office on the Principal Register on October 31, 1972, for "DWYER" for pressure gages (the "DWYER Mark"). A copy of this registration is attached hereto as Exhibit F.

54. Trademark Registration No. 946,287 remains in full force and effect and is incontestable.

55. DWYER has developed and is using the DWYER Mark to designate the source of DWYER's pressure gauges, and other goods and services related thereto. DWYER's use of the DWYER Mark has been substantial and continuous for many years.

56. As a result of substantial sales and advertising by DWYER of the DWYER pressure

gauges, the DWYER Mark has become favorably known to the public and the trade, and the trademark identifies and distinguishes the source of origin of the DWYER gauges.

57.     DWYER's DWYER Mark represents a valuable and irreplaceable asset of DWYER.

58.     SENSOCON and KOHL use or have used the identical mark or a confusingly similar mark in connection with the sale of SENSOCON pressure gauges. SENSOCON has used such mark in connection with the sale of SENSOCON gauges as shown in at least SENSOCON's marketing materials for its "Series S2000" pressure gauges, attached hereto as Exhibit E, that do not originate from DWYER.

59.     SENSOCON, and KOHL as its owner, president, director and alter ego, have willfully and deliberately infringed and sought to appropriate to themselves the goodwill associated with the DWYER Mark by advertising, offering for sale, and selling in interstate commerce pressure gauge products using the DWYER Mark in the sale and advertising of pressure gauges as shown in Exhibit E.

60.     SENSOCON has willfully and deliberately infringed and sought to appropriate unto itself the DWYER Mark by advertising, offering for sale and selling in interstate commerce pressure gauge products through the use of the DWYER Mark and/or confusingly similar marks.

61.     The aforesaid acts and conduct of SENSOCON are likely to cause confusion, mistake and deception as to the source, origin or sponsorship of SENSOCON's pressure gauge products. SENSOCON is trading on DWYER's goodwill and reputation for furthering SENSOCON's business.

62.     By reason of the aforesaid acts of infringement by SENSOCON, DWYER has been irreparably damaged and unless SENSOCON is enjoined, said acts of SENSOCON will continue

and will impair the value of the DWYER Mark and the goodwill associated therewith, and will threaten the viability of the trademark. Wherefore, DWYER has no adequate remedy at law.

### COUNT IV

### FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125)

63.    DWYER repeats and realleges the allegations of paragraphs 1 through 62 of this Complaint.

64.    DWYER has used the Registered Lens Mark, the MAGNEHELIC Mark and the DWYER Mark (collectively the "Registered Marks") in commerce since at least as early as 1962, and is presently using the Registered Marks, on or in connection with DWYER pressure gauges, and in connection with advertising literature and manuals for the DWYER pressure gauges to properly designate DWYER as the source of origin of the DWYER pressure gauges.

65.    As a result of substantial sales and advertising, and use over a substantial period of time, the Registered Marks have become favorably known to the public and the trade, and identifies and distinguishes the source of the DWYER pressure gauge products.

66.    SENSOCON uses the Registered Marks and/or a confusingly similar appropriations in connection with the sale of pressure gauges, as shown in Exhibits A, B and E, that do not originate from DWYER.

67.    SENSOCON, and KOHL as its alter ego, have willfully and deliberately infringed and sought to appropriate the DWYER trademarks by using marks identical to, or confusingly similar to, the Registered Marks in connection with the advertising, offering for sale and sale of pressure gauge products in interstate commerce that do not originate from DWYER. SENSOCON and KOHL will continue such infringement unless enjoined by this Court.

68.     SENSOCON and KOHL's activities constitute use of a false designation of origin in interstate commerce, which wrongfully and falsely designates, describes or represents the origin of SENSOCON's products, services, and information as originating from or being connected with DWYER, and are likely to cause confusion as to SENSOCON's affiliation, connection, or association with DWYER or as to the origin, sponsorship, or approval of SENSOCON's products by DWYER. Such activities exacerbate the confusion because of Kohl's prior employment by DWYER as District Sales Manager.

69.     SENSOCON and KOHL's acts are a violation of 15 U.S.C. §1125 in that SENSOCON has used a false designation of origin, or a false description or representation, and has caused such wrongfully and falsely designated products to enter into commerce.

70.     SENSOCON has infringed DWYER's Registered Marks as alleged herein with the intent to deceive the public into incorrectly believing that pressure gauge products sold by SENSOCON are made, approved, or sponsored by DWYER or affiliated with DWYER. SENSOCON and KOHL's acts as alleged herein were committed with the intent to deceive and defraud the public.

71.     The aforesaid acts and conduct of SENSOCON and KOHL are in violation of 15 U.S.C. §1125 and are likely to cause confusion, mistake and deception as to the source, origin, or sponsorship of SENSOCON's pressure gauge products and equipment.

72.     SENSOCON and KOHL have unfairly competed with DWYER by the acts complained of, have done so intentionally, and have caused, and unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to DWYER, which has no adequate remedy at law.

## COUNT V

## COMMON LAW TRADEMARK INFRIGEMENT/FALSE DESIGNATION OF ORIGIN

73. DWYER repeats and realleges the allegations contained in paragraphs 1 through 72 of this Complaint.

74. DWYER uses the designation "Series 2000" in connection with its pressure gauges and has done so continuously for at least thirty years in interstate commerce. DWYER's mark "Series 2000" used in conjunction with the marketing, sale and distribution of pressure gauges has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with DWYER. DWYER's use of the "Series 2000" designation in connection with its pressure gauges has entitled DWYER to trademark rights in the common law, in Indiana and nation-wide.

75. SENSOCON and KOHL have sold and marketed pressure gauges under the designations "Series S2000" and "Series P2000" in direct competition to the goods of DWYER marketed under the "Series 2000" mark. As a result, the purchasing public is likely to attribute to DWYER defendant SENSOCON's use of the SENSOCON designations that are confusingly similar to DWYER's "Series 2000" mark in connection with pressure gauges as a source, authorization and/or sponsorship of SENSOCON's goods and services, and therefore, to utilize SENSOCON's goods and services in that erroneous belief.

76. Upon information and belief, SENSOCON and KOHL have intentionally appropriated the DWYER mark by use of confusingly similar designations with the intent of unfairly competing and causing confusion, mistake, and deception as to the source, relationship, sponsorship, and/or association of SENSOCON's goods, and, as such, Defendants have committed trademark infringement under the common law.

13

77.     The aforesaid acts and conduct of SENSOCON and KOHL are in violation of 15 U.S.C. §1125 and are likely to cause confusion, mistake and deception as to the source, origin, or sponsorship of SENSOCON's pressure gauge products and equipment.

78.     The Defendants' use of DWYER's mark has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to DWYER and its business, reputation and goodwill and has caused DWYER to suffer monetary damages.  Unless restrained and enjoined, the Defendants' aforesaid acts will cause DWYER irreparable harm and damage for which there is no adequate remedy at law.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

79.     DWYER repeats and realleges the allegations contained in paragraphs 1 through 78 of this Complaint.

80.     SENSOCON has used the DWYER Registered Marks and DWYER's "Series 2000" mark to confuse actual and potential customers of DWYER as to the source of SENSOCON's products.

81.     SENSOCON's deceptive business practices, infringement, and unfair competition have been committed with the intent to cause confusion, to cause mistake, and to deceive.

82.     SENSOCON and KOHL have unfairly competed with DWYER by the acts complained of, have done so intentionally, and have caused and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to DWYER, which has no adequate remedy at law.

## COUNT VII

### TRADE DRESS INFRINGEMENT

83.    DWYER repeats and realleges the allegations contained in paragraphs 1 through 81 of this Complaint.

84.    DWYER's pressure gauges have a distinctive trade dress which has acquired secondary meaning. DWYER's pressure gauge designs are unique, ornamental and the purchasing public identifies the product design with DWYER.

85.    SENSOCON makes, uses, sells, offers to sell and/or imports into the United States, for subsequent sale or use, products that directly infringe DWYER's trade dress in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

86.    DWYER's trade dress in its ornamental pressure gauge design has been exhaustively marketed, promoted and sold continuously for at least forty years such that it has acquired secondary meaning within the relevant market. SENSOCON has used DWYER's trade dress without authorization of DWYER and continues to trade off the goodwill created and maintained by DWYER in its trade dress.

87.    SENSOCON's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of the protected pressure gauge trade dress infringes upon the rights and goodwill established and maintained by DWYER. SENSOCON's activities cause confusion, mistake, or deception as to the source of SENSOCON's products and Defendants' association with DWYER. Accordingly, DWYER is entitled to injunctive relief pursuant to 15 U.S.C. §1116.

88.    SENSOCON's use, through KOHL as its alter ego, of the DWYER trade dress has been willful and, as such, DWYER is entitled to damages pursuant to 15 U.S.C. §1117(a),

including SENSOCON's profits, and/or DWYER's actual damages and/or the costs of this action.

DWYER is further entitled to its attorneys' fees and costs because of Defendants' conduct.

**COUNT VIII**

**COPYRIGHT INFRINGEMENT**

89.     DWYER repeats and realleges the allegations contained in paragraphs 1 through 87

of this Complaint.

90.     For many years and long prior to the filing of this action, DWYER through its

various publications, has made available to the general public throughout the United States,

pressure gauge product guides, installation manuals and illustrations. These publications and the

illustrations contained therein are copyrightable subject matter under 17 U.S.C. §101 *et seq.*

91.     DWYER is the owner of numerous copyrights in publications and patterns.

DWYER is the owner of and has filed a copyright registration, based on an application filed

December 18, 2008, with the requisite deposit made and fee paid, that has been approved by the

Register of Copyrights. Attached to this Complaint as Exhibit G is a copy of the copyrighted work.

92.     DWYER's copyright registration constitutes constructive notice to others of its

ownership of the works referenced therein.

93.     DWYER's copyright registration is *prima facie* evidence of the validity of the

copyright, of DWYER's ownership of the works described in the copyrights, and of DWYER's

exclusive rights to reproduce, distribute and display the works and produce derivative works based

upon the works pursuant to 17 U.S.C. §106.

94.     As a previous employee of DWYER, KOHL had access to DWYER's various

copyrighted materials.

16

95.     SENSOCON and KOHL have copied and distributed and are continuing to copy and to distribute DWYER's copyrighted works to the general public for SENSOCON and KOHL's own personal gain through SENSOCON's website, product manuals and product specification. Attached to this Complaint as Exhibit B is a sample of the infringing works by SENSOCON.

96.     Defendants' copying and distribution was and is being done without authorization or permission from DWYER.

97.     Defendants' copying and distribution of DWYER's copyrighted works constitutes infringement of Plaintiffs' exclusive rights under 17 U.S.C. § 106 and constitutes copyright infringement under 17 U.S.C. § 501. Defendants' distribution and sales of the copyrighted materials of DWYER also infringes DWYER's copyrights.

98.     The actions of SENSOCON and KOHL are willful and intentional and were preceded by notice of DWYER's rights in its copyrighted works. DWYER has been and will continue to be damaged by the acts of SENSOCON and KOHL.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Dwyer Instruments, Inc., requests that this Court:

A.      Preliminarily and permanently enjoin SENSOCON, its officers, agents, servants, employees and related companies and those in privity with SENSOCON or in active concert or participation with SENSOCON, specifically including KOHL, from:

(1)     Using the Registered Marks and/or the common law marks of DWYER, or any confusingly similar or any colorable imitation marks, in connection with the manufacture, use, sale or offering for sale of pressure gauges, pressure gauge accessories, and any parts or equipment related thereto;

(2)     Doing any other act or thing calculated to, tending to or likely to induce the belief that SENSOCON's products originate with, or are approved by, or are in any way sponsored by or connected with DWYER's business or products; and

(3)     from copying and distributing by any means, the copyrighted works of DWYER;

B.     Require SENSOCON and KOHL to pay such damages as DWYER has sustained in consequence of SENSOCON and KOHL's trademark infringement, unfair competition, trade dress infringement and false designation of origin;

C.     Require SENSOCON and KOHL to disgorge all profits sustained in consequence of SENSOCON and KOHL's unlawful actions;

C.     Award to DWYER an increase in the award of damages up to three times the amount found for deliberate and willful trademark infringement, trade dress infringement and unfair competition by SENSOCON and KOHL pursuant to 15 U.S.C. §1117(a);

D.     Adjudge and decree that DWYER has a protectable trade dress in its pressure gauge design that has acquired secondary meaning and distinctiveness.

E.     Adjudge and decree that SENSOCON and KOHL have infringed and continue to infringe DWYER's trademarks and trade dress.

F.     Award to the DWYER its damages in such sum as the Court shall find to be just as a result of SENSOCON and KOHL's acts complained of herein;

G.     Require SENSOCON and KOHL to pay such damages for each act of infringement of DWYER's copyrighted works registered before the infringement began under 17 U.S.C. § 504(c)(1)-(2), and require SENSOCON and KOHL to pay DWYER's costs and reasonable

attorney fees associated with each act of infringement of Plaintiffs' copyrighted works registered before the infringement began under 17 U.S.C. § 505;

      H.     Require SENSOCON and KOHL to pay the costs of this action together with DWYER's attorney's fees, costs and disbursements incurred herein;

      I.     Award to DWYER pre-judgment and post-judgment interest; and

      J.     Award to DWYER such other and further relief as this Court deems just and equitable.

### JURY DEMAND

     DWYER demands a trial by jury on all matters decidable by a jury.

DWYER INSTRUMENTS, INC.

Date: 1/6/09

Jonathan P. Froemel

Dennis M. McWilliams
Jeffrey R. Gray
Jonathan P. Froemel
Mark A. Hagedorn
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313

David R. Pruitt
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
(574) 233-1171

Attorneys for Plaintiff
Dwyer Instruments, Inc.