# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DWYER INSTRUMENTS, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 3:09-CV-10-TLS |
| | ) |
| SENSOCON, INC., and TONY E. KOHL, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Sensocon, Inc. and Tony E. Kohl's Objections to the August 1, 2012, Order [ECF No. 133], issued by Magistrate Judge Christopher A. Nuechterlein. In that Order [ECF No. 131], Judge Nuechterlein granted Plaintiff Dwyer Instrument, Inc.'s Motion to Supplement Pleadings, which permitted the Plaintiff to add a claim asserting that the Defendants' third generation lens design infringes on the Plaintiff's protected trademark. The Defendants argue that the Plaintiff's Motion should have been denied because the Plaintiff's unjustifiable delay in asserting a claim regarding the third generation lens prejudices the Defendants and any claim of infringement pertaining to the claim is futile. The Plaintiff filed a Response [ECF No. 134] on August 17, and the Defendants filed a Reply [ECF No. 135] on August 24.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order pertaining to a non-dispositive pretrial matter within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing for reconsideration by district court judge of any pretrial matter designated to a magistrate "where it has been shown

that the magistrate judge's order is clearly erroneous or contrary to law"). Rule 72(a) grants magistrate judges great latitude in resolving non-dispositive matters, like the one at issue here. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

The Magistrate Judge's August 1, 2012, Order correctly applied the standard for supplementation of pleadings under Federal Rule of Civil Procedure 15(d). Although the Defendants do not agree with the outcome, this Court can find no part of the Order that is clearly erroneous or contrary to law. First, the Defendants argue that the Plaintiff's extreme delay in seeking to supplement its pleading created a presumption that the Defendants would be prejudiced. The Defendant also argues that the Plaintiff did not present an adequate explanation for delay. The Magistrate Judge correctly recounted the procedural background of this case, including the fact that the Plaintiff considered the governing pleading to already include all infringement claims. The Defendants argue that an incorrect belief, such as the one the Plaintiff held about the scope of its pleading, cannot be an adequate explanation. However, as the Magistrate Judge noted, that the Plaintiff genuinely held this belief was supported by the fact that

2

the third generation lens had already been the subject of discovery and expert reports, as well as the summary judgment briefing. Moreover, this discovery, including the Plaintiff's assertion in September 1, 2010, discovery responses that the third generation lens was infringing on its trademark, all support the Magistrate Judge's conclusion that supplementing the pleading "will not result in new parties, and will not result in additional discovery that will be time consuming and expensive." (Order 5, ECF No. 131.) The Defendants dispute the Magistrate Judge's finding that notice was provided through discovery conducted in 2010 by pointing to the Court's determination that the First Amended Complaint did not put them on notice that the Plaintiffs believed the design of the Third Generation Lens infringed on its trademark. However, a finding that notice was not provided through *a pleading* is not the equivalent of finding that notice was not provided through other means, including discovery. The Magistrate Judge's findings that the Plaintiff presented an adequate explanation for the delay, and that granting the Motion to Supplement would not prejudice the Defendants were not clearly erroneous or contrary to law.

In further support of their Objections, the Defendants argue that the Magistrate Judge's Order failed to "address the prejudice based upon the Court's Striking Sensocon and Tony's Counterclaim." (Objections 4, ECF No. 133.) The essence of this argument appears to be that if the Court in 2010 did not allow the Defendants to assert a new counterclaim petition to cancel the Plaintiff's registered trademark, it would be unfair to now allow the Plaintiff to supplement its pleading without also allowing that counterclaim. Assuming that their counterclaim would now be allowed, they assert that this would only extend the litigation and prejudice them. The Defendants' assumption that they would be allowed to assert a counterclaim seeking to cancel the Plaintiff's trademark ignores the realities of this case. The validity of the trademark has

already been litigated. Indeed, in connection with the Plaintiff's Motion for Summary Judgment on its claim for trademark infringement of United States Trademark Registration No. 3,397,050, the Court considered the Defendants' argument that the Lens Mark did not demonstrate distinctiveness because the features that formed the basis of the trademark were functional, and the evidence before the USPTO did not establish acquired distinctiveness and its affirmative defenses that Trademark No. 3,397,050 was "invalid and unenforceable" and that the Lens Mark is "functional and is unprotectable under the common law and is not registerable on either Registers of the U.S. Trademark (Lanham) Act." (Answer and Affirmative Defenses 34, ECF No. 92.) The Court concluded that, as a matter of law, the Plaintiff's trademark did not fail for functionality and that it had demonstrate acquired distinctiveness. The validity of the Plaintiff's trademark has already been litigated and resolved, and thus there is no risk that a claim to cancel the trademark will cause delay and prejudice. Any other arguments that the Defendants have intended to make with respect to the counterclaim are simply not relevant to whether the Plaintiff's claim that the Defendants' third generation lens infringes on its trademark should be included in this litigation.

Finally, the Defendants assert that the Plaintiff's proposed claim based on the third generation lens is futile because the lens does not have a plurality of horizontal lines and a raised rectangular portion of lines. As the Plaintiff points out, the comparison for purposes of infringement is to the actual mark, not the word description of the mark. The Second Amended Complaint [ECF No. 132] includes such a side by side comparison as well as the following description:

> The third lens includes a plurality of line segments that create what appear to be diagonal lines angled from an upper left side downwardly toward a lower right

4

> side and from an upper right side downwardly toward a lower left side, thereby forming what appears to be a diamond-shaped pattern, and rows of horizontally aligned dots. The pattern is formed within a lower section of the third lens.

(Second. Am. Compl. ¶ 39.2.) The Plaintiff alleges that the pressure gauge includes "a lens incorporating a mark confusingly similar" to the Plaintiff's registered mark. The allegations provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through [its] allegations, show that it is plausible, rather than merely speculative, that [it] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Whether the Plaintiff can establish that consumers are likely to be confused about the origin of the Defendants' product is distinct from whether the Plaintiff has stated a claim upon which relief can be granted. The Magistrate Judge's conclusion that the supplement is not futile was not clearly erroneous or contrary to law.

For the reasons stated above, the Court OVERRULES Sensocon, Inc. and Tony E. Kohl's Objections to the August 1, 2012, Order [ECF No. 133].

SO ORDERED on August 27, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION