IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DWYER INSTRUMENTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:09-cv-00010-TLS-CAN |
| | ) | |
| v. | ) | Hon. Judge Theresa Springmann |
| | ) | |
| SENSOCON, INC. and | ) | Magistrate Judge Nuechterlein |
| TONY E. KOHL, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE NOT PREVIOUSLY PRODUCED**

Plaintiff Dwyer Instruments, Inc. ("Dwyer") submits its Motion in Limine to exclude evidence not produced.[1]

**I.   STATEMENT OF FACTS**

1.   On April 24, 2009, Dwyer served Plaintiff Dwyer Instruments, Inc.'s First Set of Requests for Production of Documents to Sensocon, Inc., Nos. 1-17 (Decl. of Mark Hagedorn, Ex. T) and Plaintiff Dwyer Instruments, Inc.'s First Set of Requests for Production of Documents to Tony Kohl, No. 1.  (Decl. of Mark Hagedorn, Ex. U).

2.   On August 14, 2009, Dwyer served Plaintiff Dwyer Instruments, Inc.'s Second Set of Requests for Production of Documents to Sensocon, Inc., Nos. 18-34 (Decl. of Mark

---

[1] Pursuant to the Court's April 18, 2013 Order (CM/ECF Doc. 146) Plaintiff submits its motions in limine in connection with trial on its claims against Defendant Sensocon, Inc.  This filing is not meant, nor shall it be construed, as a filing in pursuit of claims against Defendant Tony E. Kohl, or otherwise an action to collect a debt from Tony E. Kohl, or to recover property from the bankruptcy estate of Tony E. Kohl, since such actions have been stayed by reason of the applicability of Section 362(a) of the United States Bankruptcy Code.

1

Hagedorn, Ex. A) and Plaintiff Dwyer Instruments, Inc.'s Second Set of Requests for Production of Documents to Tony Kohl, Nos. 2-6.  (Decl. of Mark Hagedorn, Ex. B)

3. On September 16, 2009, Defendant served Sensocon, Inc.'s Response to Plaintiff's Second Set of Requests for Production of Documents Nos. 18-34 (Decl. of Mark Hagedorn, Ex. C), and Defendant Kohl served Tony Kohl's Response to Plaintiff's Second Set of Requests for Production of Documents Nos. 2-6 (Decl. of Mark Hagedorn, Ex. D).  The Defendants' Responses indicated that documents would be produced to Plaintiff.

4. Dwyer's counsel attempted to schedule an inspection and copying of the documents indicated by Defendants in response to Dwyer's Second Set of Requests for Production of Documents as ready for inspection on September 21, 2009.

5. On September 22, 2009, Defendants' counsel sent an e-mail to Plaintiff's counsel confirming that Defendant's counsel was "in the process of responding to Dwyer's second set of discovery," and that they "hope to have responsive documents copied and produced to [Plaintiff] by next Friday (10/2)," namely by October 2, 2009 (Decl. of Mark Hagedorn, Ex. E).

6. After repeated requests for Defendant to produce documents, Dwyer served Plaintiff Dwyer Instruments, Inc.'s Motion to Compel Discovery from Defendant Sensocon, Inc. (Decl. of Mark Hagedorn, Ex. F) and Plaintiff Dwyer Instruments, Inc.'s Memorandum in Support of its Motion to Compel Discovery from Defendant Sensocon, Inc. (Decl. of Mark Hagedorn, Ex. G) on September 30, 2009.  Dwyer was seeking an order compelling Defendants to produce all relevant documents in response to its First Set of Requests for Production of Documents to Sensocon, Inc., Nos. 1-17 and its First Set of Requests for Production of Documents to Tony Kohl, No. 1.

7. On October 19, 2009, Defendant served Defendants' Response to Plaintiff's Motion to Compel. (Decl. of Mark Hagedorn, Ex. H) In response to Requests for Production 9 and 10, which request all documents sufficient to show or which comment upon or embody "the costs of manufacture or purchase, sales amounts, discounts, revenue, profit, gross profit, marginal profit and/or income to Sensocon for the sale and/or offer for sale of Sensocon pressure gauges", Defendants responded that "Sensocon, Inc. does not have reports responsive to the Requests." (Decl. of Mark Hagedorn, Ex. H, page 9).

8. Dwyer served Plaintiff Dwyer Instruments, Inc.'s Reply in Support of its Motion to Compel Discovery from Defendant Sensocon, Inc. on October 30, 2009. (Decl. of Mark Hagedorn, Ex. I) In such document, Dwyer stressed that "Sensocon must produce additional documentation regarding the cost of manufacture, purchase, sales, discounts, revenue, profit, gross profit, marginal profit and/or income to Sensocon for the sale of the pressure gauges at issue" and, thus, Sensocon had not fully responded to Request Nos. 9 and 10. (Decl. of Mark Hagedorn, Ex. I, page 11).

9. In an Order dated November 20, 2009, the Court granted Dwyer's Motion to Compel with respect to Request Nos. 9 and 10. (Decl. of Mark Hagedorn, Ex. J, page 8).

10. On December 3, 2009, after not being able to obtain agreement with Sensocon's counsel on discovery issues, Dwyer served Plaintiff Dwyer Instruments, Inc.'s Motion to Compel Document Production from Defendants and to Compel the Deposition of Tony E. Kohl (Decl. of Mark Hagedorn, Ex. K) and Plaintiff Dwyer Instruments, Inc.'s Memorandum in Support of its Motion to Compel Document Production from Defendants and to Compel the Deposition of Tony E. Kohl. (Decl. of Mark Hagedorn, Ex. L).

11. On December 21, 2009, Defendants served Defendants' Response in Opposition to Plaintiff's Motion to Compel, in which Defendants argued they were making a good faith effort to produce responsive documents. (Decl. of Mark Hagedorn, Ex. M).

12. Dwyer served Plaintiff Dwyer Instruments, Inc.'s Reply in Support of its Motion to Compel Document Production from Defendants and Compel the Deposition of Kohl on December 31, 2009, arguing that Defendants only provided limited documents when compelled. (Decl. of Mark Hagedorn, Ex. N). Dwyer was seeking an order compelling Defendants to produce all relevant documents in response to its Second Set of Requests for Production of Documents to Sensocon, Inc., Nos. 18-34 and its Second Set of Requests for Production of Documents to Tony Kohl, Nos. 2-6.

13. A further order was issued on January 12, 2010, granting Dwyer's Motion to Compel (#41) and ordering Defendants to produce all responsive documents and imposed sanctions upon Defendants. (Decl. of Mark Hagedorn, Ex. O).

14. Defendants later produced documents, but failed to produce all documents relating to "the costs of manufacture or purchase, sales amounts, discounts, revenue, profit, gross profit, marginal profit and/or income to Sensocon for the sale and/or offer for sale of Sensocon pressure gauges."

15. On September 27, 2010, counsel for Defendants served Defendants' Supplemental Designations Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Rebuttal Expert Report of Thomas E. Kohl, CPA. (Decl. of Mark Hagedorn, Ex. P). Defendants' expert relies on hearsay concerning Defendants expenses. Defendants did not produce all documents underlying the alleged costs.

## II.   ARGUMENT

Plaintiffs submit this motion *in limine* for an order precluding Defendant from introducing evidence not produced and witnesses not disclosed during discovery pursuant to Rules 26 and 37(c) of the Federal Rules of Civil Procedure. The federal discovery rules are set up to ensure that unfair surprise is eliminated at trial, which goal is largely administered through Rules 26 and 37(c) of the Federal Rules of Civil Procedure. Rule 26 "promotes fairness both in the discovery process and at trial. For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse." *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992), *cited in* R*eddick v. Bloomingdale Police Officers*, 2003 U.S. Dist. LEXIS 5054, *29 (N.D. Ill. Mar. 28, 2003). Here, Defendant has refused to comply with discovery requirements and has failed to provide evidence and information responsive to Dwyer's discovery requests. This failure forced Dwyer to file multiple motions to compel, and resulted in two Court orders ordering Defendant to produce requested information, one of which also sanctioned Defendant.

As can be imagined, Sensocon's sustained violation of discovery requirements has already significantly disadvantaged Dwyer. This will undoubtedly culminate in Sensocon's attempted reliance at trial on materials (particularly evidence of costs or deductions for purposes of reducing Sensocon's revenues (15 U.S.C. § 1117(a)) that were not previously provided to Dwyer during discovery, or at all. This is precisely the type of cat and mouse game the federal rules are designed to prevent. Accordingly, Dwyer seeks an order under Rule 37(c) of the Federal Rules of Civil Procedure preventing Defendant from introducing at trial or in any way relying on witnesses or evidence not previously disclosed during discovery. Defendant should not be allowed to ignore its obligations, particularly when compelled and sanctioned, and then

assert "elements of cost or deduction" to reduce Sensocon's profits that Dwyer is entitled to recover.  Here, Defendants designated a rebuttal expert witness (Tony Kohl's father) whose report is a mere conduit of Sensocon's hearsay.

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), and the failure was not substantially justified or harmless, the party is forbidden to use that information or witness to supply evidence on a motion, at a hearing, or at trial.  *See* Fed. R. Civ. P. 37(c)(1).  Rule 26 provides, *inter alia*, that "[a] party must disclose documents and the identity of witnesses likely to have discoverable information that the party may use to support its claims." *Fourth Investment LP v. United States*, No. 08-cv-110, 2010 U.S. Dist. LEXIS 53534, at *2 (S.D. Cal. Jun. 1, 2010) (citing Fed. R. Civ. P. 26 (a)(1)(A)(i)-(ii)).  "A party must also disclose the identity of each expert witness and their written reports at the time and in the sequence that the court orders." *Id*. (citing Fed. R. Civ. P. 26(a)(2)(A)-(C)).

Under Rule 26(e), the duty to disclose "in a timely manner" is a continuing one, and disclosure must be supplemented if a party later learns that "in some material respect[,] the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e).  This continuing duty does not excuse a party's reliance on evidence or witnesses at trial that should have been disclosed in a timely manner, as prescribed by applicable rules and deadlines set by the Court.  In fact, Rule 37(c) is specifically designed to "give teeth" to timely disclosure requirements "by forbidding the use at trial of any information . . . that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F. 3d 1101, 1106 (9th Cir. 2001), *cited in Dura Auto. Sys. of Ind., Inc. v. CTS Corp*., 285 F.3d 609, 612 (7th Cir. Ind. 2002).  Courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1) because it is a "self-executing, *automatic*

sanction to provide a strong inducement for disclosure of material." *Id*. One such commonly used sanction is the exclusion of evidence and information at trial that was produced or disclosed late. *See*, *e.g.*, *Yeti by Molly, Ltd.*, 259 F. 3d at 1101 (upholding trial court's exclusion of expert witness report as Rule 37(c) discovery sanction for defendant's failure to timely provide expert report); *Dura Auto. Sys. of Ind., Inc.,* 285 F.3d at 622 (affirming trial court's exclusion of expert witness report when models upon which the expert witness's report were based were not disclosed in a timely fashion); *Hoffman v. Constr. Protective Servs.*, 541 F. 3d 1175, 1179-80 (9th Cir. 2008) (affirming trial court's exclusion of damage calculation evidence at trial under Rule 37(c) because this evidence was not produced prior to trial); *Fourth Investment LP*, 2010 U.S. Dist. LEXIS 5354 (excluding fact witness testimony as Rule 37(c) sanction when witness was not disclosed in a timely manner). "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd.*, 259 F. 3d at 1106.

Defendant ignored Orders dated November 20, 2009 and January 12, 2010 compelling Defendant to produce documents responsive to Document Request Nos. 9 and 10, relating to "the costs of manufacture or purchase, sales amounts, discounts, revenue, profit, gross profit, marginal profit and/or income to Sensocon for the sale and/or offer for sale of Sensocon pressure gauges." It wasn't until almost eight months later that Sensocon produced some spreadsheets that were referred to and provided in the Rebuttal Expert Testimony of Thomas Kohl. (Decl. of Mark Hagedorn, Ex. P). Even then, Sensocon only provided the spreadsheet prepared in this litigation to rebut the expert report of Melissa A. Bennis as to damages. Defendant has failed to produce the underlying documents that would support the conclusion that Sensocon actually incurred the asserted costs and that the costs are directly related to the products at issue. Indeed,

Sensocon's withholding of such requested documents prevented Dwyer from effectively challenging Thomas Kohl's conclusory assertions.  Defendant has not complied with its discovery obligations and has not done so in a timely manner.  Pursuant to 15 U.S.C. § 1117, it is the defendant's burden to show costs and deductions.  Dwyer, therefore, respectfully requests the Court grant Plaintiff's Motion in Limine to Exclude Evidence Not Previously Produced, including the hearsay documents of the Rebuttal Expert Testimony of Thomas Kohl.  (Decl. of Mark Hagedorn, Ex. P, pages 7-65).

Respectfully submitted,

Date: November 22, 2013

*S/ Mark A. Hagedorn*
Jeffrey R. Gray
Mark A. Hagedorn
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois  60606
Phone:  (312) 357-1313

David Pruitt
Barnes & Thornburg LLP
600 1st Source Bank Center
100 North Michigan
South Bend, Indiana 46601
574-233-1171

Counsel for Plaintiff
Dwyer Instruments, Inc.

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on November 22, 2013 a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT PREVIOUSLY PRODUCED** has been served by electronic mail and U.S. first class mail addressed to:

**Clifford W Browning**
Krieg DeVault LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204-2079
317-636-4341
317-636-1507 (fax)
E-mail:  cbrowning@kdlegal.com

                *S/ Mark A. Hagedorn*