UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DWYER INSTRUMENTS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-10-TLS |
| SENSOCON, INC., and TONY E. KOHL, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On November 22, 2013, Defendant Tony E. Kohl filed a Suggestion of Bankruptcy, notifying the Court that he had filed a petition under Chapter 13 of the Bankruptcy Code. As a result, Plaintiff Dwyer Instruments's action to recover from the estate of the Debtor, Tony E. Kohl, has been stayed pursuant to 11 U.S.C. § 362(a). This automatic stay provision is generally limited to debtors and does not encompass non-bankrupt codefendants. *See Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) ("The clear language of Section 362(a)(1) . . . extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants."). Accordingly, the Plaintiff has filed a Motion to Separate or Sever Defendant Tony E. Kohl in View of Bankruptcy Proceedings [ECF No. 166].

The stay should not impact the proceedings against the non-debtor corporate entity unless it is demonstrated that the debtor is merely its "alter ego," *Funding Sys. Railcars, Inc. v. Pullman Standard Inc.*, 34 B.R. 706, 709 (N.D. Ill. 1983), or that the debtor possesses such a similarity of interests to the non-debtor that a failure to protect the non-debtor will mean that the assets of the debtor itself will fall into jeopardy, *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of Fox Masonry and Expert Restoration*, 140 F.3d 661, 666 (7th Cir. 1998). Defendant Sensocon, Inc., has not responded to the Plaintiff's Motion or otherwise attempted to make such a showing.

However, for completeness of the record, the Court notes that the Plaintiff's First Amended Complaint alleged that Sensocon is the alter ego of Kohl (First Am. Compl. ¶ 8, ECF No. 52), but that the Defendants denied this allegation (Answer, ECF No. 92). Likewise, in a previous motion for partial summary judgment, the Plaintiff asserted that Kohl was personally liable for Sensocon's violations because Kohl is the alter ego of Sensocon and because he personally directed the acts of infringement. The Defendants, again, disputed the alter ego characterization.

In deciding the alter ego issue in the summary judgment context, the Court noted that the burden is on the party seeking to pierce the corporate veil to prove, by a preponderance of the evidence, (1) that the corporate form was so ignored, controlled, or manipulated that it was merely an instrumentality of another and (2) that misuse of the corporate form would constitute fraud or promote injustice. *Escobedo v. BHM Health Assocs., Inc.*, 818 N.E.2d 930, 933 (Ind. 2004); *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). Ultimately, the Court concluded that the Plaintiff had failed to carry its burden of showing that a genuine issue of fact exists regarding whether Sensocon is a shell for the conduct of Kohl's personal business and that the corporate form has been abused to the point of promoting injustice or fraud. (Opinion, ECF No. 125.) The Court noted that the Plaintiff presented no evidence that Sensocon was undercapitalized, did not have corporate records, or ignored corporate formalities. The Plaintiff had not cited any evidence to suggest that Kohl commingled his assets and affairs with Sensocon's, used the corporate form to promote fraud, or payed his individual expenses with corporate funds. Nor had the Plaintiff attempted to analyze the significance of Kohl's position as Sensocon's sole shareholder for purposes of piercing the corporate veil. *See, e.g., Comm'n, Dep't of Envtl. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 563 (Ind. 2001) ("Roseman is entitled to the benefit of corporate limited

liability even if he owned all of the shares of RLG and was its only officer and director. A corporate officer is not liable simply because of his position within the corporation."). A second Opinion and Order addressing Kohl's motion for summary judgment on all counts of the Plaintiff's First Amended Complaint, reiterated this same finding. (Opinion, ECF No. 126 at 6) (stating that Kohl "cannot be held liable as the alter ego of Sensocon"). Rather, the question was whether Kohl was personally and directly liable based on his own actions.

Consistent with the findings the Court has previously made in this matter, the Court concludes that Sensocon is a separate legal entity from Kohl, and that the automatic stay does not extend to Sensocon.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion to Separate or Sever [ECF No. 166]. The trial in this matter will proceed against Defendant Sensocon, Inc., as the automatic stay [ECF No. 149] does not extend to it. The case remains stayed as to Defendant Kohl. All previous deadlines remain in effect.

SO ORDERED on April 15, 2014.

                                                      s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT
                                                    FORT WAYNE DIVISION